**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2777-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL J. HUGGINS,

    Defendant-Appellant.

_____

Submitted July 29, 2026 – Decided August 6, 2026

Before Judges Smith and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 18-04-0554.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael J. Huggins pled guilty to one count of second-degree escape and two counts of second-degree burglary. He now appeals from the March 28, 2025 order of the trial court denying his post-conviction relief (PCR) application without an evidentiary hearing. We affirm.

I.

Defendant escaped a juvenile detention center, and the same day, entered a vacant residence, taking a rifle. Defendant then entered a second residence, with the weapon, and restrained an adult and two minors while attempting to elude law enforcement. He and two co-defendants were eventually apprehended.

Defendant was indicted by an Atlantic County grand jury and charged with twenty-five offenses, including but not limited to: conspiracy, escape, assault, eluding, theft, burglary, and weapons charges. Defendant pled guilty to three charges including, second-degree escape, N.J.S.A. 2C:29-5(a), and two counts of second-degree burglary, N.J.S.A. 2C:18-2(a)(1).

As a result of the plea agreement, defendant was sentenced on June 19, 2019 to three consecutive six-year terms, with the two burglary convictions to be served first pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 and the escape conviction, a flat six years, to be served last. All the Atlantic

2

County sentences were to be served concurrently with an unrelated Cumberland County sentence. All remaining charges and motor vehicle violations were dismissed. An amended judgment of conviction was filed on July 10, 2019, memorializing the sentence.

On November 23, 2021, defendant filed a PCR petition. On June 1, 2023, a PCR judge heard argument, however the PCR judge did not issue an order deciding the motion before being transferred from the criminal division. A second PCR judge heard argument on March 21, 2025. That judge denied defendant's petition without an evidentiary hearing.

Defendant appeals, contending his trial counsel was ineffective because they failed to: properly advise him of the impact of NERA on his sentence; review discovery with him; and advocate for a more favorable plea agreement. Defendant also argues his counsel was ineffective because of sentencing disparities with his co-defendants.

II.

A.

We review the PCR court's interpretations of law de novo. State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (citing State v. Harris, 181 N.J. 391, 419 (2004)). "We review the PCR court's decision to proceed without an

evidentiary hearing for an abuse of discretion." State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). Since "the PCR court did not hold an evidentiary hearing, we review both the factual inferences drawn from the record and any legal conclusions de novo." Ibid. When petitioning for PCR, a defendant must establish he is entitled "to PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

B.

We consider the relevant and well-settled legal principles that inform our analysis.

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see also R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory or speculative"). Indeed, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of

4

whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted."  State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

"To establish a prima facie case, [a] defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits."  R. 3:22-10(b).  Moreover, a defendant must make this showing "by a preponderance of the credible evidence."  O'Donnell, 435 N.J. Super. at 370.

When addressing an ineffective assistance of counsel claim, we follow the two-prong standard formulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

To prove ineffective assistance of counsel, the defendant must prove two things.  "First, the defendant must show that counsel's performance was deficient."  State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687).  Under this prong, the analysis is whether "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  "Second, the defendant must have been prejudiced by counsel's deficient performance."  Gideon, 244 N.J. at 550 (citing Strickland, 466 U.S. at 687).  To

5

prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Failure to meet either prong of the Strickland/Fritz test will result in the denial of a petition for PCR.  State v. Parker, 212 N.J. 269, 280 (2012).

The defendant must establish, by a preponderance of credible evidence, he is entitled to the requested relief.  State v. Nash, 212 N.J. 518, 541 (2013). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).  The defendant must do more than make "bald assertions" of ineffective assistance.  State v. Holland, 449 N.J. Super. 427, 435 (App. Div. 2017) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).  There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.

We are mindful that, at this stage, it is important to examine the strength of the State's evidence.  Gideon, 244 N.J. at 556.  "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by

errors than one with overwhelming record support." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 696).

III.

We affirm substantially for the reasons expressed in the cogent written statement of reasons issued by Judge Jeffrey J. Waldman in support of his order denying the PCR application without a hearing. We add the following brief comment.

First, defendant's argument his counsel misadvised him regarding his period of parole ineligibility pursuant to NERA is without merit. He meets neither prong of Strickland. The colloquy from the plea hearing shows defendant understood precisely what his period of parole ineligibility was:

> THE COURT: Sir, you've agreed to plead guilty because, among other things, [the] sentencing recommendation which, at the end of the day, adds up to [eighteen] years New Jersey State Prison with a period of parole ineligibility of ten years two months and [twelve] or [thirteen] days. Is that right?
>
> DEFENDANT: Yes.

Next, defendant's self-serving discovery claim is equally without merit. Again, the record, in the form of the plea colloquy, is revealing:

> THE COURT: Have you and your attorney reviewed all the discovery?

THE DEFENDANT: Yes.

Concerning defendant's claim trial counsel failed to argue for a concurrent sentence on his three second-degree convictions, we easily conclude this argument is not supported by the record. At sentencing, counsel stated, "I'd like more to focus on the escape and talk about the circumstances surrounding that because, like prior counsel, I really believe that the escape in this case should run concurrently. And I hope Your Honor will find in the case of [defendant] that it does so."

Finally, as to disparate sentencing, the PCR court stated:

> [Defendant] argues that he received a much longer sentence than his co-defendants. [He] was sentenced to an eighteen-year term with his co-defendant Lampkin being sentenced to sixteen years, co-defendant Nickerson being sentenced to five years and co-defendant Woodley being sentenced to eight years. Unlike [defendant] and co-defendant Lampkin, the current matter was Woodley's first offense, which most likely played a large part in the difference in plea and sentence. For co-defendant Nickerson, the State allowed leniency in the plea bargain based upon his youth and mitigation that could be afforded because of his youthfulness. Co-defendant Lampkin was sentenced to sixteen years, only two years less than [defendant]. Both Lampkin and [defendant] have extensive criminal history, however co[-]defendant Lampkin was a minor at the time of the incident while [defendant] was [eighteen]. The disparity of two years between Lampkin's and [defendant's] sentence is not substantial, as Lampkin was a minor at the time of the

8

incident while the petitioner was [eighteen]. For those reasons, there was no disparate sentencing between the petitioner and his co-defendants.

We agree with the PCR court's analysis of defendant's disparate sentencing argument, and find no error in the court's rejection of this claim.

Defendant failed to make a prima facie case of ineffective assistance of counsel on any of his claims. On this record, an evidentiary hearing could not have aided the court's analysis as to whether defendant was entitled to PCR. Brewster, 429 N.J. Super. at 401. It follows that denial of relief without an evidentiary hearing was proper. Porter, 216 N.J. at 354.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2777-24